## FIRST DEPARTMENT, NOVEMBER TERM, 1895.

John H. Millard, Respondent, v. Holland Trust Company, Appellant.— Judgment and order affirmed, with costs.—

FOLLETT, J. : This action was begun May 12, 1893, to recover damages for the failure of the defendant to perform its executory contract by which, it is alleged, it agreed to purchase fifty $1,000 bonds and pay therefor a sum sufficient to pay the amount of the plaintiff's lien on the bonds acquired by an attachment. The defendant, in its answer, denied making the contract, and also pleaded that it was void under the Statute of Frauds, because not in writing. The contract, if there was any, was made between the attorneys for the plaintiff and the defendant. Whether such a contract was made was the principal question of fact litigated before the jury, which found in favor of the plaintiff. The appellant does not complain of the manner in which this issue was submitted to the jury, but it urges that the question of

the authority of the defendant's attorney to make the contract was not fairly submitted. Upon this question the trial judge, without such reference to the evidence, submitted to the jury the question whether the attorney for the defendant had been invested with apparent authority to enter into the contract testified to in behalf of the plaintiff. Upon an exception being taken by the learned counsel for the defendant to the charge on this issue, the court further said : "If the defendant did not authorize its attorney, Van Hoesen, to buy the fifty bonds, but only to buy the one hundred bonds, it is not liable in this action even if the agent did agree to buy the fifty. The act of the agent in excess of his authority never binds the principal unless a third party, having a right to believe that the agent was acting within his authority, would sustain a loss if the act was not considered that of the principal." The plaintiff sought to establish the power of the defendant's attorney to make the contract by proving that the entire contract related to 150 bonds, and that the defendant had taken and paid for 100 bonds in accordance with the agreement. The defendant's attorney testified that he had no authority to purchase the fifty bonds; that he told the plaintiff's attorney so, and that he did not agree to buy them. Without reciting the evidence, we think a fair question of fact as to the authority of the defendant's attorney was raised, and that it was fairly submitted to the jury. The appellant urges that the court erred in refusing to permit the defendant's attorney to testify to the conversation between him and defendant's president. The question was: "Q. State what occurred with Mr. Roosevelt. Objected to; objections sustained. Exception by defendant." The appellant now urges that the object of this question was to show the extent of the authority given by the defendant to his attorney in respect to this matter. The question does not disclose that such was the subject of the inquiry, and we think that it was the duty of the defendant's counsel to have stated in this connection that he desired to show the extent of the authority conferred upon defendant's attorney. For any other purpose the conversation between Mr. Roosevelt and the defendant's attorney was incompetent. The contract, as testified to by the plaintiff's attorney, was taken out of the Statute of Frauds by the delivery of and payment for 100 of the 150 bonds. We think it sufficiently appears that the bank of Fayetteville had some interest in the fifty bonds and that jurisdiction was acquired, but, in any event, the defendant in this action had greater knowledge in respect to the interest of the bank than the plaintiff, and made its contract with reference to its knowledge, and it cannot now be heard to say that the bank of Fayetteville had no interest in these bonds. The judgment and order should be affirmed, with costs. Van Brunt, P. J., concurred.